IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-47-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, FOR THE USE OF GREGORY POOLE EQUIPMENT COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER** |
| JP ELECTRIC, INC.; WALBRIDGE ALDINGER COMPANY; LIBERTY MUTUAL INSURANCE COMPANY; and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | ) ) ) ) ) ) | |
| Defendants. | ) | |

This cause comes before the Court on plaintiff's motion for entry of default [DE 16], defendant JP Electric, Inc.'s motion for leave to file an answer [DE 17] and defendants' motion to dismiss and to strike "counterclaim against co-defendants" of defendant JP Electric, Inc. [DE 24]. For the reasons discussed below, JP Electric, Inc.'s motion is DENIED WITHOUT PREJUDICE, defendants' motion to dismiss and strike is GRANTED, and plaintiff's motion for entry of default is HELD IN ABEYANCE.

## BACKGROUND

The complaint in this action was filed on March 14, 2014. [DE 1]. On May 27, 2014, defendant JP Electric, Inc.'s ("JP") authorized agent was served with the summons and complaint by the Cumberland County Sheriff. [DE 15]. Pursuant to the provisions of FED. R. CIV. P. 12, JP was required to serve an answer or otherwise respond to the Complaint within 21 days after being served with the summons and complaint. As such an answer or responsive

pleading on behalf of JP was to be filed in this action on or before June 17, 2014. Plaintiff filed for an entry of default on July 15, 2014. JP did not file any document at all with the Court until July 21, 2014, which was its motion for leave to file an answer. [DE 17]. Then on July 22, 2014, JP filed what it termed a counterclaim, but what is properly viewed as a crossclaim, against its codefendant Walbridge Aldinger Company ("Walbridge"). [DE 18]. Defendants' Walbridge, Liberty Mutual Insurance Company ("Liberty Mutual"), and Travelers Casualty and Surety Company of America ("Travelers") move to dismiss and strike the crossclaim. [DE 24].

This is a Miller Act suit where the Gregory Poole Equipment Company ("Gregory Poole") seeks to recover $14,682.47 plus interest and reasonable attorneys' fees allegedly owed by JP pursuant to a contract for equipment and supplies furnished to construct a project at Camp Lejuene, NC. Gregory Poole also alleges claims against Walbridge, as contractor for the project, and Liberty Mutual and Travelers, as sureties, on a payment bond that those defendants had executed and delivered in accordance with the Miller Act, 40 U.S.C. § 3131, *et seq.*

## DISCUSSION

The only person who has filed documents on behalf of defendant JP is Jacqueline Pfendler, the President of JP. Miss Pfendler does not appear to be an attorney admitted to the bar of this Court,[1] and no attorney has filed a notice of appearance as counsel for JP.

The law is well-established in this Court that a corporation cannot appear *pro se* – it may appear only through licensed counsel. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Counsel*, 506 U.S. 194, 202 (1993); *see also RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 354 n.3 (4th Cir. 2007). However, as Ms. Pfendler has sought to fight this matter *pro se* on behalf of her corporation and has not been notified by the Court that JP must appear only through licensed counsel, the Court will allow JP extra time in which to attempt to obtain an

---

[1] Ms. Pfendler acknowledges that she is a small business owner and cannot afford an attorney. [DE 17 at 1].

2

attorney. Further, the Fourth Circuit has long expressed a general policy which favors the resolution of cases on the merits. *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987).

Accordingly, JP's motion for leave to file an answer is DENIED WITHOUT PREJUDICE to a similar motion being filed by licensed counsel who has filed a notice of appearance with this Court. Similarly, defendants' motion to dismiss and strike JP's crossclaim is GRANTED and the crossclaim is DISMISSED and STRUCK WITHOUT PREJUDICE to the crossclaim being filed at a later date by licensed counsel. Gregory Poole's motion for entry of default is HELD IN ABEYANCE until November 14, 2014 or until the Court considers a properly filed motion for leave to file an answer if one is filed before or on November 14, 2014. Finally, JP is NOTIFIED that a business entity may not appear in this Court without duly licensed counsel.

SO ORDERED,

this __9__ day of October, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE